**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———————————

No. 04-1623

LAHESNE BELHOUCHET,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

———————————

ON PETITION FOR REVIEW FROM AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

———————————

Before

Boudin, Chief Judge,
Lynch and Lipez, Circuit Judges.

———————————

Ilana Greenstein, Jeremiah Friedman, Harvey Kaplan, Maureen O'Sullivan and Kaplan, O'Sullivan & Friedman, on brief for petitioner.
Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Eric W. Marsteller, U.S. Department of Justice, on brief for respondent.

———————————

June 15, 2005

———————————

**Per Curiam**.  Lahesne Belhouchet, a citizen of Algeria, appeals from a decision of the Board of Immigration Appeals (BIA) finding him ineligible for asylum.  For the following reasons, we vacate the BIA's decision and remand this case to the BIA for further proceedings.

Belhouchet applied for asylum on two grounds: (1) that, in the past, he was persecuted on account of his political opinion and membership in a particular social group, and (2) that, if forced to return to Algeria, he feared future persecution on those accounts.  See 8 U.S.C. §§ 1101(a)(42), 1158(b)(1); see also 8 C.F.R. § 1208.13(a); Ravindran v. INS, 976 F.2d 754, 758 (1st Cir. 1992).  The Immigration Judge found Belhouchet not credible on either point and so denied him asylum, including as a discretionary matter.  On Belhouchet's appeal from the Immigration Judge's decision, the BIA apparently assumed that Belhouchet was credible but nevertheless concluded that he had failed to meet his burden of proving that his past persecution was on account of a protected ground.  However, the BIA failed to address Belhouchet's claim that he has a well-founded fear of future persecution on a protected ground.

It is the BIA's decision, the final agency order, that this court reviews.  Mukamusoni v. Ashcroft, 390 F.3d 110, 119 (1st Cir. 2004).  Although the standard of appellate review is deferential, INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992), we

-2-

may "judge the action of [the BIA] based only on reasoning provided by the agency,' . . . and 'that basis must be set forth with such clarity as to be understandable." Mihaylov v. Ashcroft, 379 F.3d 15, 20-21 (1st Cir. 2004) (internal citations omitted). Where the BIA "fails to state 'with sufficient particularity and clarity the reasons for denial of asylum' or otherwise to 'offer legally sufficient reasons for its decision,'" id. at 23-24 (quoting Gailius v. INS, 147 F.3d 34, 46-47 (1st Cir. 1994)), we think it best to vacate and remand the decision to the agency to address Belhouchet's future persecution claim in the first instance. In so doing, we intimate no view on the merits of that claim or on Belhouchet's credibility.[1]

In light of that disposition, we need not address Belhouchet's appeal from the BIA's denial of withholding of deportation or his motion to remand the case to the BIA so that he can seek adjustment of status based on his wife's immigrant worker's visa.[2]

---

[1]The recent amendments to the Immigration and Nationality Act, 8 U.S.C. § 1158(b), enacted by the Real ID Act of 2005, Pub. Law No. 109-13, concerning "mixed-motive" cases, corroboration, and credibility determinations, are not applicable since those provisions apply only to applications for asylum and other relief from removal made on or after May 11, 2005. Real ID Act, § 101(h)(2).

[2]In the course of briefing his motion to remand, Belhouchet argued, for the first time, that the Executive Office of Asylum Review lacked jurisdiction over his asylum proceedings because no charging document was served on the immigration judge. Assuming, without deciding, that this argument was not waived by Belhouchet's

The order of the BIA is <u>vacated</u>, and the case is <u>remanded</u> to the BIA for further proceedings consistent with this opinion. The motion to remand on different grounds is <u>denied, without prejudice</u>, as moot. <u>See</u> Local R. 27(c).

---

failure to raise it at the administrative level or in his initial appellate brief, the argument is frivolous. The record shows that this matter was referred to the immigration judge by the filing of Form I-863, Notice of Referral to Immigration Judge, which confers jurisdiction on the immigration court. <u>See</u> 8 C.F.R. § 1208.2(c)(1).